## H. J. Craycroft *v.* T. B. Greenly.

**Boundaries—Lines Coincide—Undisturbed Fence—Ancient Marks—Possession.**
The line running S. 60½ East to three beech trees is precisely coincident with the line designated in the conveyance from Floyd to Dubberley in the year 1820. This being a strong fact and corroborated by the long and undisturbed fence on the line, by the ancient marks upon it and by the actual possession for many years, held to establish a boundary.

**Garnishment—Garnishee Entitled to Attorney Fee.**
A defendant, proceeded against only as garnishee and who does not resist, is entitled to have his attorney's fee adjudged against a plaintiff who made the attachment necessary.

APPEAL FTOM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

January 8, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The decree defining the true line between Craycroft and Greenly seems to be sustained by a préponderance of the facts exhibited in the record. The line, as thus established, running south 60½ east to three beech trees is precisely coincident with the line designated in the conveyance by Floyd to Dubberly in the year 1820. This alone is a strong fact and is sufficiently corroborated by other concurrent facts, and especially by the long and undisturbed fence on that line, by the ancient marks upon it and by the actual possession of it for many years. Consequently so much of the decree as establishes that line as the boundary between Greenly and Craycroft is affirmed.

On Greenly's cross-appeal we perceive no essential error. On the face of his deed and the pleadings we cannot decide that the sale was by the acre or that 240 acres were guaranteed. Nor is the amount adjudged against him in favor of Hawes apparently excessive.

On the appeal by Hawes, we are of the opinion that the judgment for costs is substantially right. Rudd, as creditor of Hawes, had a right to attack any fund in Greenly's hands as the debtor of Hawes, and was, therefore, entitled to his costs against Hawes, who made the attachment necessary.

And, as Greenly was proceeded against only as garnishee and did not resist otherwise than by his pending controversy with Hawes and Craycroft on his bill *quia timet* concerning his title, he was entitled to the adjudged fee to counsel as against Hawes.

It is difficult to make a precise calculation of the amount due by Greenly to Hawes. The commissioner's report on that subject was wrong in allowing credit for the same $200 twice and also in one calculation of interest. But, considering the deficit of about five acres and the fact that it is not absolutely certain that the vendor is not equitably bound for it. But the fact that, in any event, only a very small sum would be due to Hawes over the $403 allowed by the decree, we cannot judiciously say that he is, in conscience, entitled to more. Wherefore, we *affirm* the judgment so far as he is concerned.

42

Craycroft must pay the cost of his appeal, and Greenly and Hawes respectively the costs of their appeals.

*Riley,* for *Craycroft.*

*Sternian,* for *Greenly.*

*Harrison & Bennett,* for *Hawes.*